IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES R. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE No. _____ |
| MARK CHEN, AISHAAR, LLC, PARAMOUNT COFFEE AND BOOK, INC., LE SANG, AN THANH NGUYEN and LIEM THANH NGUYEN, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, JAMES R. JOHNSON, by and through the undersigned counsel, and files this, his Complaint against Defendants MARK CHEN, AISHAAR, LLC, PARAMOUNT COFFEE AND BOOK, INC., LE SANG, AN THANH NGUYEN and LIEM THANH NGUYEN pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28

1

U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

2.  Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division, as the parcels of real property at issue in this case, and concerning which Plaintiff seeks injunctive relief in the foregoing Complaint, is located in Dekalb County, Georgia.

## **PARTIES**

3.  Plaintiff JAMES R. JOHNSON (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Decatur, Georgia (Dekalb County).

4.  Plaintiff is a quadriplegic and is disabled as defined by the ADA.

5.  Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6.  Plaintiff uses a wheelchair for mobility purposes.

7.  Defendant MARK CHEN (hereinafter "Chen") is an individual whom, upon information and good faith belief, has been a resident of the State of Georgia at all times relevant hereto.

8. Chen may be properly served with process at 4787 Castlewood Drive, S.W., Lilburn, Georgia 30047.

9. Defendant AISHAAR, LLC (hereinafter "Aishaar") is a California limited liability company that transacts business in the State of Georgia and within this judicial district.

10. Upon information and good faith belief, Aishaar is not duly licensed to conduct business in the State of Georgia by the Georgia Secretary of State, Corporations Division.

11. Aishaar may be properly served with process via its registered agent for service of process in California, to wit: Ravi Kumar Kasam, 119 Hanging Garden, Irvine, California 92620.

12. Defendant PARAMOUNT COFFEE AND BOOK, INC. (hereinafter "Paramount") is a Georgia corporation that transacts business in the State of Georgia and within this judicial district.

13. Paramount may be properly served with process via its registered agent for service, to wit: Tsina Yilma, 2245 Idlewood Road, Tucker, Georgia 30084.

14. Defendant LE SANG (hereinafter "Sang") is an individual whom, upon information and good faith belief, has been a resident of the State of Georgia

at all times relevant hereto.

15. Sang may be properly served with process at 1625 Harbor Oaks Road, Tucker, Georgia 30084.

16. Defendants AN THANH NGUYEN and LIEM THANH NGUYEN (hereinafter the "Nguyens") are each an individual whom, upon information and good faith belief, have been residents of the State of Georgia at all times relevant hereto.

17. The Nguyens may each be properly served with process at 2237 Idlewood Road, Tucker, Georgia 30084.

## FACTUAL ALLEGATIONS

18. On or about August 16, 2022, Plaintiff attempted to patronize "Paramount Coffee," a business located at 2245 Idlewood Road, Tucker, Georgia 30084, but was unable to do so due to the violations of the ADA and ADAAG that are pleaded in the foregoing Complaint.

19. On or about August 18, 2022, Plaintiff was a customer at "El Taco Naco," a business located at 2255 Idlewood Road, Tucker, Georgia 30084.

20. Plaintiff lives approximately seven (7) miles from Paramount Coffee and El Taco Naco.

21. "Paramount Coffee" and "El Taco Naco" are each located in a

shopping center comprised of adjoining parcels of real property that share a single parking lot and accessible routes.

22. Chen is the owner (or co-owner) of two of the parcels of real property that comprise this shopping center and the contiguous structures and improvements situated on such real property, to wit: 2255 Idlewood Road, Tucker, Georgia 30084 (Dekalb County Parcel ID No. 18 214 09 019) and 2253 Idlewood Road, Tucker, Georgia 30084 (Dekalb County Parcel ID No. 18 214 09 020).

23. Aishaar is the owner (or co-owner) of one of the parcels of real property that comprise this shopping center and the contiguous structures and improvements situated on such real property, to wit: 2247 Idlewood Road, Tucker, Georgia 30084 (Dekalb County Parcel ID No. 18 214 09 018).

24. Paramount is the owner (or co-owner) of one of the parcels of real property that comprise this shopping center and the contiguous structures and improvements situated on such real property, to wit: 2245 Idlewood Road, Tucker, Georgia 30084 (Dekalb County Parcel ID No. 18 214 09 021).

25. Sang is the owner (or co-owner) of one of the parcels of real property that comprise this shopping center and the contiguous structures and improvements situated on such real property, to wit: 2241 Idlewood Road, Tucker, Georgia 30084 (Dekalb County Parcel ID No. 18 214 09 017).

26. The Nguyens are co-owners of one of the parcels of real property that comprise this shopping center and the contiguous structures and improvements situated on such real property, to wit: 2237 Idlewood Road, Tucker, Georgia 30084 (Dekalb County Parcel ID No. 18 214 09 016).

27. Upon information and good faith belief, the above-described adjoining parcels of real property and improvements comprising the shopping center visited by Plaintiff are subject to covenants and/or easements and/or such other agreements that allow visitors of the shopping center to park their vehicles and travel upon the accessible routes of each and all of the separately owned but adjoining parcels of real property in order to reach their desired business destination. (These six adjoining parcels of real property shall be referenced together as the "Property," and the contiguous structures and improvements situated upon the Property shall be referenced together as the "Facility.")

28. Plaintiff's access to the businesses located on the Property and within the Facility, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility

and Property, including those set forth in this Complaint.

29. Plaintiff has visited the Facility and Property at least twice before and intends on revisiting the Facility once the Facility is made accessible.

30. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

31. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

32. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

33. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

34. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

35. The Facility is a public accommodation and service establishment.

36. The Property is a public accommodation and service establishment.

37. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

38. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

39. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

40. The Facility must be, but is not, in compliance with the ADA and ADAAG.

41. The Property must be, but is not, in compliance with the ADA and ADAAG.

42. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at

the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

43. Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

44. Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

45. Defendants will continue to discriminate against Plaintiff and others

with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

46. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

    **(a)**     **EXTERIOR ELEMENTS:**

    (i)     There are no disabled accessible parking spaces on the Property that comply with section 502 of the 2010 ADAAG standards, in violation of section 208 of the 2010 ADAAG standards. In the alternative, the accessible parking space(s) on the Property are missing signage, inadequately marked and do not have adjacent access aisles, in violation of sections 208.2, 502.1, 502.3 and 502.6 of the 2010 ADAAG standards.

    (ii)     The accessible ramp on the Property most proximate to the entrance of the Paramount Coffee portion of the Facility is

situated before a standard parking space, and thus the ramp is entirely obstructed when vehicles are parked in such standard space, in violation of sections 403.5.1 and 502.7 of the 2010 ADAAG standards. This ramp also lacks finished edges (or edge protection), in violation of section 405.9 of the 2010 ADAAG standards.

(iii) The walking surfaces of multiple portions of the accessible route on the Property that leads to the entrances of the Facility has extreme slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards, and cross slope in excess of 1:48 (one to forty-eight), in violation of section 403.2 of the 2010 ADAAG standards.

(iv) The ground surfaces of multiple portions of accessible route on the Property that leads to the entrances of the Facility have vertical rises in excess of ¼" (one quarter inch) in height within its boundaries, and have extensive amounts of broken and unstable surfaces, in violation of section 403.2 of the 2010 ADAAG standards.

(v) Due to a lack of parking stops that encourage vehicles to pull

up far enough to block the accessible route to the entrances of the Facility, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36" (thirty-six inches) inches required by section 403.5.1 of the 2010 ADAAG standards.

**(b)   INTERIOR ELEMENTS:**

(i)   The interior of the El Taco Naco portion of the Facility has sales and services counters lacking any portion of which that has a maximum height of 36" (thirty-six inches) from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards.

(ii)   The doors to the restrooms in the El Taco Naco portion of the Facility have a minimum clear width less than 32" (thirty-two inches), in violation of section 404.2.3 of the 2010 ADAAG standards.

(iii)   The hardware on the restroom doors in the Taco Naco portion of the Facility have operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(iv) The restrooms in the El Taco Naco portion of the Facility have cabinet-style sinks that provide for no knee and toe clearance, in violation of sections 305, 306 and 606.2 of the 2010 ADAAG standards.

(v) There are no grab bars adjacent to the commodes in the restrooms in the El Taco Naco portion of the Facility, in violation of section 604.5 of the 2010 ADAAG standards.

(vi) The mirrors in the restrooms in the El Taco Naco portion of the Facility exceed the maximum permissible height set forth in section 603.3 of the 2010 ADAAG standards.

**(c) POLICY ELEMENTS**

i. The Facility and Property have not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities, in violation of section 28 C.F.R. § 36.211.

ii. Upon information and good faith belief, each Defendant fails to adhere to a policy, practice and procedure to ensure that all features and facilities at the Facility and Property are readily

accessible to, and usable by, disabled individuals.

47. Without limitation, the above-described violations of the ADAAG made it impossible for Plaintiff to find and utilize an accessible parking space on the Property, rendered the Paramount Coffee portion of the Facility and Property inaccessible to Plaintiff, made it more difficult and dangerous for Plaintiff to travel upon all exterior accessible routes on the Property, made it more difficult and dangerous for Plaintiff to access the El Taco Naco portion of the Facility and Property, and rendered the restroom in the El Taco Naco portion of the Facility inaccessible to Plaintiff.

48. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

49. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

50. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

51. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

52. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

53. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

54. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

55. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

56. Plaintiff's requested relief serves the public interest.

57. The benefit to Plaintiff and the public of the relief outweighs any

resulting detriment to Defendants.

58.  Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

59.  Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an order to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)  That the Court find Mark Chen in violation of the ADA and ADAAG as to each violation enumerated herein that is under his ownership, possession and/or control;

(b)  That the Court find Aishaar, LLC in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(c)  That the Court find Paramount Coffee And Book, Inc. in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(d)  That the Court find Le Sang in violation of the ADA and ADAAG as to each violation enumerated herein that is under his ownership, possession and/or control;

(e)     That the Court find An Thanh Nguyen And Liem Thanh Nguyen in violation of the ADA and ADAAG as to each violation enumerated herein that is under their ownership, possession and/or control;

(f)     That the Court issue a permanent injunction enjoining Defendants, individually and collectively, from continuing their discriminatory practices;

(g)     That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access present on each portion of the Property that is under their respective ownership and control (ii) alter the portions of the Facility and Property that are under their respective ownership and control to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

(h)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(i)     That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: October 17, 2022.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich

Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich